UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DEBORAH VOLPE STARLING,

      Plaintiff,

vs.                                  CASE NO.:

TARGET CORPORATION,

      Defendant.
_____/

### DEFENDANT, TARGET CORPORATION'S, NOTICE OF REMOVAL

To:    The Judges of the United States District Court
        for the Middle District of Florida
        Orlando Division
        U.S. Courthouse
        401 West Central Boulevard
        Suite 1200
        Orlando, Florida 32801-0120

Pursuant to the provisions of 28 U.S.C.A. §§ 1332, 1441 and 1446, Defendant, TARGET CORPORATION, hereby removes to this Court the action filed against it in the Circuit Court of the Eighteenth Judicial Circuit, in and for Brevard County, Florida, and as grounds for the removal of this action to the United States District

Court for the Middle District of Florida, Orlando Division, this Defendant states as follows:

1. There is presently pending in the Circuit Court of the Eighteenth Judicial Circuit, in and for Brevard County, Florida, the following styled action: Deborah Volpe Starling, Plaintiff, vs. Target Corporation, Defendant, bearing Case No.: 2021-CA-046146.

2. That on or about September 23, 2021, the Plaintiff, Deborah Volpe Starling, filed a Complaint in the Circuit Court of the Eighteenth Judicial Circuit, in and for Brevard County, Florida naming Target Corporation and Maribeth Tarraglio (a Florda resident) as Defendants. That on or about December 29, 2021, the Plaintiff, Deborah Volpe Starling, filed an Amended Complaint and jury demand in the Circuit Court of the Eighteenth Judicial Circuit, in and for Brevard County, Florida, a copy of which is attached hereto as **Exhibit 1**. The Defendant Target Corporation's, Answer to Plaintiff's Amended Complaint, and Demand for Jury Trial is attached hereto as **Exhibit 2**. The Defendant Benjamin Barnwell's, Answer to Plaintiff's Amended Complaint, and Demand for Jury Trial is attached hereto as **Exhibit 3**. The Brevard County Clerk of Court's Register of Actions for Case No. 2021-CA-046146 is attached hereto as **Exhibit 4**. All Other State Court

Documents are attached hereto as **Composite Exhibit 5**. The Civil Cover Sheet for this Court is attached hereto as **Exhibit 6**. Said documents are attached to this Notice as required by U.S.C. §1446(a).

3. This Notice of Removal is founded upon diversity of citizenship jurisdiction pursuant to 28 U.S.C.A., Section 1332 and 28 U.S.C.A. Section 1441 and §1446(b). The matter is between citizens of different states and the amount in controversy, excluding interest and costs, exceeds the sum or value of Seventy-Five Thousand Dollars ($75,000).

4. That at all times material hereto, the Plaintiff in the above-styled action is a resident and citizen of the State of Florida, residing at 1502 Blue Lake Drive, Skyview Estates, Lakeland, FL 33801. The Plaintiff has been a resident of the State of Florida for more than 10 years (see answer No. 3 of Plaintiff's Answers to Interrogatories attached hereto as **Exhibit 7**). The Plaintiff has been an active registered voter in Florida since May 18, 1984 (Plaintiff's Florida Voter Registration is attached hereto as **Exhibit 8**). Target is a foreign corporation. For purposes of diversity, the single Defendant has its citizenship in states other than the State of Florida. The Defendant, Target Corporation, is incorporated in the State of Minnesota. The Defendant's, Target Corporation, principal place of business is

1000 Nicollet Mall, Minneapolis, Minnesota 55403. There is complete diversity of citizenship between the Defendant and the Plaintiff.

5. This case is properly removable under 28 U.S.C. §1441(a) since the Court has subject matter jurisdiction under Section 1332(a)(1). The Plaintiff's initial Complaint was served on Defendant, Target Corporation, on October 1, 2021, and on Defendant, Maribeth Terraglio (a Florida Resident), on October 11, 2021. On October 18, 2021, Plaintiff's counsel sent the undersigned counsel for Defendant an email with a proposed "Plaintiff's Motion For Leave to Amend Complaint", the proposed "Amended Complaint" that added Target employee and Florida resident Kari Nicholson as a party Defendant, and a proposed "Order On Plaintiff's Motion For Leave to Amend Complaint" (see **Composite Exhibit 9** attached). On November 10, 2021, Plaintiff's filed a Notice of Voluntary Dismissal Without Prejudice as to Defendant, Maribeth Terraglio (see **Composite Exhibit 5** attached). However, instead of moving forward with Plaintiff's proposed Motion For Leave to Amend Complaint to add Target employee and Florida resident Kari Nicholson as a party Defendant, on December 9, 2021 the Plaintiff filed Plaintiff's Motion For Leave to Amend Complaint to add Target employee and Florida resident Benjamin Barnwell as a party Defendant (see **Composite Exhibit 5**

4

attached). The Plaintiff's Amended Complaint was served on Defendant, Benjamin Barnwell (a Florida resident), on January 14, 2022. The Defendant, Benjamin Barnwell (a Florida resident), is no longer a party in this lawsuit pursuant to Plaintiff's Notice of Voluntary Dismissal Without Prejudice as to Defendant, Benjamin Barnwell (a Florida resident), dated March 21, 2022 (see **Composite Exhibit 5** attached). Therefore, as of March 21, 2022, diversity exists between the parties, since no Florida resident employees are a party to the lawsuit, and no Motions to Amend the Complaint are pending. The lawsuit was filed on September 23, 2021 and is being removed to Federal Court within one (1) year of the filing date, and seven (7) days after the Plaintiff's Notice of Voluntary Dismissal Without Prejudice as to Defendant, Benjamin Barnwell (a Florida resident), dated March 21, 2022.

The amount in controversy in the Amended Complaint is not specified, other than claiming "This is an action for damages which exceed $30,000.00." and states "As a result of the aforesaid negligence, Plaintiff, DEBORAH VOLPE STARLING, has suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of ability to earn

money, and/or aggravation of a previously existing condition. The losses are either permanent or continuing, and Plaintiff, DEBORAH VOLPE STARLING, will suffer the losses in the future. Some or all of the injuries sustained are permanent within a reasonable degree of medical probability. Alternatively, and/or in addition, Plaintiff has significant and permanent loss of an important bodily function, and/or significant and permanent scarring or disfigurement. The Plaintiff's 11/11/2021 Answers to Interrogatories claim the Plaintiff sustained the following injuries as a result of the 9/27/2020 incident at Target: "Left knee pain, Left hip/upper leg, Right Shoulder pain, Lower Back" (see **Exhibit 7** attached). The Plaintiff's attached Answers to Interrogatories claim **$78,017.24** in past medical bills. The Plaintiff medical records (not attached) claim the subject fall caused her to undergo a left knee joint injection on October 28, 2020; bilateral lumbar radiofrequency neurotomies on January 22, 2021; bilateral lumbar transforaminal epidural steroid injections on June 29, 2021 and August 26, 2021; and bilateral sacroiliac joint injections on September 21, 2021. She also has a doctor's recommendation to undergo epidurals and a right shoulder manipulation procedure.

Accordingly, the damages sought by Plaintiff are in excess of the $75,000.00 jurisdictional requirement of this Court. To the best of this Defendant's knowledge, the requisite jurisdictional amount, as provided by 28 U.S.C.A. Section 1441, et seq., and 28 U.S.C.A. 1332, has been met.

6. That venue properly rests with the Middle District of the United States District Court, Orlando Division because this action is being removed from the Circuit Court, Eighteenth Judicial Circuit, in and for Brevard County, Florida.

7. This Defendant has filed with the Clerk of Circuit Court, Eighteenth Judicial Circuit, in and for Brevard County, Florida, a true and correct copy of this Notice of Removal pursuant to 28 U.S.C.A. 1446(e).  See **Exhibit 10** attached.

8. That the undersigned attorney is authorized by Defendant, Target Corporation, to file this Notice of Removal.

9. That the undersigned attorney is licensed in the State of Florida and is authorized to practice in the United States District Court, Middle District of Florida.

WHEREFORE, Defendant, Target Corporation, respectfully requests that this Court assume jurisdiction of this action pursuant to 28 U.S.C.A. §§1332 and 1441.

Dated this 28th day of March, 2022.

Respectfully submitted,

_____
**JAMES A. COLEMAN, ESQUIRE**
James A. Coleman, P.A.
Florida Bar No.: 0434711
612 East Colonial Drive, Suite 250
Orlando, Florida 32803
Telephone: (407) 219-5799
Facsimile: (407) 219-5788
Trial Counsel for Defendant,
Target Corporation
Emails:  jcoleman@rclawpa.com
rcunningham@rclawpa.com
dthompson@rclawpa.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 28, 2022, I presented the foregoing to the Clerk of the Court for filing and uploading to the CM/ECF system, which will send a notice of electronic filing to the following: Kristopher Heaton, Esquire, Burnetti, P.A., 211 South Florida Avenue, Lakeland, FL 33801.

_____
**JAMES A. COLEMAN, ESQUIRE**
James A. Coleman, P.A.
Florida Bar No.: 0434711
612 East Colonial Drive, Suite 250
Orlando, Florida 32803

8

Telephone: (407) 219-5799
Facsimile: (407) 219-5788
Trial Counsel for Defendant,
Target Corporation
Emails:   jcoleman@rclawpa.com
          rcunningham@rclawpa.com
          dthompson@rclawpa.com