Filing # 141057613 E-Filed 12/29/2021 09:19:31 AM

IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT
IN AND FOR BREVARD COUNTY, FLORIDA

DEBORAH VOLPE STARLING,

    Plaintiff,

vs.                                      CASE NO.: 2021-CA-046146

TARGET CORPORATION and
BENJAMIN BARNWELL,

    Defendants.
_____/

## AMENDED COMPLAINT

Plaintiff, DEBORAH VOLPE STARLING, by and through the undersigned attorneys, hereby sues Defendants, TARGET CORPORATION and BENJAMIN BARNWELL, and alleges:

1. This is an action for damages which exceed $30,000.00.

2. At all times material hereto, Defendant, TARGET CORPORATION, is/was a Foreign Profit Corporation doing business in Merritt Island, Brevard County, Florida.

3. At all times material, Defendant, BENJAMIN BARNWELL, is/was the manager of the Target, located at 250 Crockett Blvd., in Merritt Island, Brevard County, Florida, and is/was a resident of Florida.

4. On or about September 27, 2020, Defendant, TARGET CORPORATION, is/was the owner and responsible for the maintenance of the Target, located at 250 Crockett Blvd., in Merritt Island, Brevard County, Florida.

5. On or about September 27, 2020, Defendant, BENJAMIN BARNWELL, is/was the manager and responsible for the maintenance of the Target, located at 250 Crockett Blvd., in Merritt Island, Brevard County, Florida.

6. At that time and place, Plaintiff, DEBORAH VOLPE STARLING, was an invitee/customer when she slipped on a foreign substance, which caused her to fall to the ground in an awkward position.

7. At all times material hereto, Defendant, TARGET CORPORATION, maintained offices in the State of Florida, and owned, operated, and/or controlled the property located at 250 Crockett Blvd., Merritt Island, Brevard County, Florida, (the "premises").

8. All conditions precedent to this cause of action have occurred, been performed, or have been waived.

## COUNT I
### (BENJAMIN BARNWELL)

9. Plaintiff, DEBORAH VOLPE STARLING, realleges Paragraphs One (1) through Eight (8) above.

10. At that time and place, Defendant, BENJAMIN BARNWELL, was the manager of the premises owned by Defendant, TARGET CORPORATION.

11. That as the manager and operator of a business establishment open to the public, Defendant, BENJAMIN BARNWELL, has a responsibility to maintain or otherwise keep the grounds in and about its business premises in a reasonably safe condition, for the protection of its customers, business invitees and guests, such as Plaintiff, DEBORAH VOLPE STARLING, so as to not cause harm or injury to any such individuals. The defendant also had a responsibility to inspect the premises, to correct any dangerous conditions on the premises which it knew or should have known about and which could not have been discovered by the Plaintiff in the exercise of due care.

12. That the Defendant, BENJAMIN BARNWELL, further owed a duty to the public in general and to the Plaintiff, DEBORAH VOLPE STARLING, specifically, to keep the premises

in a reasonably safe condition, and to engage in a mode of business operation that allowed the Defendant, BENJAMIN BARNWELL, to timely discover and correct defective conditions existing on its property.

13. The negligent condition was known to Defendant, BENJAMIN BARNWELL, or had existed for a sufficient length of time so that Defendant, BENJAMIN BARNWELL, should have known of it.

14. Defendant, BENJAMIN BARNWELL, breached the duties owed to the Plaintiff and was negligent by, but not limited to:

- a.) Allowing a dangerous, hazardous and unsafe condition to exist on the premises in the form of an unknown liquid substance on the floor, thus presenting an unreasonable danger to its patrons thereon the premises, such as Plaintiff, DEBORAH VOLPE STARLING.
- b.) Failing to keep the premises clear of any dangerous conditions,
- c.) Failing to warn the Plaintiff, DEBORAH VOLPE STARLING, either by posting signs, blocking off the area or otherwise, of the above condition of which it knew or should have known by the exercise of reasonable care, in accordance with its responsibility to individuals such as the Plaintiff, DEBORAH VOLPE STARLING,
- d.) Failing to engage in a mode of business operation that would have facilitated the timely discovery and correction of the hazard described herein.

15. As a result of the aforesaid negligence, Plaintiff, DEBORAH VOLPE STARLING, has suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental

anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of ability to earn money, and/or aggravation of a previously existing condition. The losses are either permanent or continuing, and Plaintiff, DEBORAH VOLPE STARLING, will suffer the losses in the future. Some or all of the injuries sustained are permanent within a reasonable degree of medical probability. Alternatively, and/or in addition, Plaintiff has significant and permanent loss of an important bodily function, and/or significant and permanent scarring or disfigurement.

**WHEREFORE**, Plaintiff, DEBORAH VOLPE STARLING, demands judgment against Defendant, BENJAMIN BARNWELL, for damages, costs, interest and such other relief as this Court deems just and proper. Further, Plaintiff demands trial by jury on all issues.

<u>**COUNT II**</u>
**(TARGET CORPORATION)**

16. Plaintiff, DEBORAH VOLPE STARLING, realleges Paragraphs One (1) through Eight (8) above.

17. On or about September 27, 2020, the Plaintiff, DEBORAH VOLPE STARLING, was properly and lawfully on the premises of Defendant, TARGET CORPORATION, as a customer and business invitee of the premises.

18. That Defendant, TARGET CORPORATION, owed a duty to the invitees, including Plaintiff, DEBORAH VOLPE STARLING, to maintain, service, inspect, and otherwise keep in good repair its equipment located at the premises in question.

19. That as the owner of real property located in a business establishment open to the public, Defendant, TARGET CORPORATION, has a responsibility to maintain, service, inspect and/or otherwise keep in good repair the equipment located at 250 Crockett Blvd., Merritt Island, Brevard County, Florida, and therefore maintain the grounds in and its equipment in a reasonably

safe condition, for the protection of its customers, business invitees and guests, such as Plaintiff, DEBORAH VOLPE STARLING, so as to not cause harm or injury to any such individuals. The Defendant also had a responsibility to inspect its property, to correct any dangers thereon and to warn the Plaintiff, DEBORAH VOLPE STARLING, of any dangerous conditions of its property or the surrounding grounds, which it knew or should have known about and which could not have been discovered by the Plaintiff in the exercise of due care.

20. The negligent condition was known to Defendant, TARGET CORPORATION, or had existed for a sufficient length of time so that Defendant, TARGET CORPORATION, should have known of it.

21. The Defendant, TARGET CORPORATION, breached the duties owed to the Plaintiff and was negligent by, but not limited to:

    a.) Allowing a dangerous, hazardous, and unsafe condition to exist on the premises in the form of an unknown liquid substance on the floor, thus presenting an unreasonable danger to its patrons thereon the premises, such as Plaintiff, DEBORAH VOLPE STARLING;

    b.) Failing to maintain service, inspect, and otherwise keep in good repair its equipment located at the premises in question;

    c.) Failing to warn Plaintiff, DEBORAH VOLPE STARLING, of a dangerous, hazardous and unsafe condition located on Defendant, TARGET CORPORATION's property;

22. As a result of the aforesaid negligence, Plaintiff, DEBORAH VOLPE STARLING, has suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing

care and treatment, loss of ability to earn money, and/or aggravation of a previously existing condition. The losses are either permanent or continuing, and Plaintiff, DEBORAH VOLPE STARLING, will suffer the losses in the future. Some or all of the injuries sustained are permanent within a reasonable degree of medical probability. Alternatively, and/or in addition, Plaintiff has significant and permanent loss of an important bodily function, and/or significant and permanent scarring or disfigurement.

**WHEREFORE**, Plaintiff, DEBORAH VOLPE STARLING, demands judgment against Defendant, TARGET CORPORATION, for damages, costs, interest and such other relief as this Court deems just and proper. Further, Plaintiff demands trial by jury on all issues.

Dated this 29th day of December, 2021.

**NOTICE OF PROVIDING**
**E-MAIL ADDRESS FOR SERVICE OF PLEADINGS**

PLEASE TAKE NOTICE that the undersigned, as counsel for Plaintiff, DEBORAH VOLPE STARLING, in accordance with the amendments to Rule 2.516 of the Rules of Judicial Administration, effective September 1, 2012, hereby files this Notice of Providing E-Mail Address for service of pleadings as follows:

**Primary e-mail address: eservice@burnetti.com**

**BURNETTI, P.A.**

By: /s/ *Kristopher Heaton*
Kristopher Heaton, Esq.
Florida Bar No. 64304
211 South Florida Ave.
Lakeland, Florida 33801
Ph: (863) 688-8288
Fax: (863) 688-1978
eservice@burnetti.com
ATTORNEY FOR PLAINTIFF